# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

**v.**                                               **Criminal Action No. 1:14-cr-89-21**

**TIMOTHY CHARLES BURNETTE,**

> **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Timothy Charles Burnette, in person and by counsel, Deanna Pennington, appeared before me on February 25, 2015. The Government appeared by Assistant United States Attorney Zelda Wesley. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Forty-Nine of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the

Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Timothy Charles Burnette, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Forty-Nine of the Indictment and the elements the Government would have to prove, charging him with use of a telephone to facilitate the distribution of oxycodone, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Forty-Nine of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Forty-Nine was imprisonment for a term of not more than four (4) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct.    Do you understand that under the law, 18 U.S.C. § 3742, you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals by giving appropriate notice?

Def.    Yes, sir.

Ct. Do you also understand that you may file a collateral attack or challenge to the sentence, how it was calculated, and how it's being carried out, by filing a motion–commonly called a habeas corpus motion–under various statutes, including 28 U.S.C. § 2255?

Def. Yes, sir.

Ct. Do you understand that under paragraph 11 of your written plea agreement, fi the District Judge's actual sentence is equal to an advisory Guideline sentence which starts out with a base offense level, before adjustments, of 16 or lower, then you give up–you waive–your right to appeal that sentence to the Fourth Circuit Court of Appeals under 18 U.S.C. § 3742?

Def. Yes, sir.

Ct. You also give up your right to collaterally attack or challenge the sentence in a post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Def. Yes, sir.

Ct. The only thing you reserve to yourself as a post-conviction proceeding is your right to claim ineffective assistance of counsel or prosecutorial misconduct, is that correct?

Def. Yes.

Ct. As you sit here today, do you know of any ineffective assistance of counsel?

Def. No, sir.

Ct. As you sit here today, do you know of any prosecutorial misconduct in your case?

Def. No, sir.

Ct. Did you intend to give up your valuable rights of direct appeal and collateral attack as set forth in paragraph 11 of your written plea agreement?

Def. Yes, sir.

Ct.     Did you fully understand that paragraph at the time you signed the agreement?

Def.    Yes, sir.

Ct.     Has anything about your understanding of that agreement changed–or that paragraph changed–since you signed it and today?

Def.    No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Forty-Nine of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the

District Judge would adjudicate the Defendant guilty of the felony charged under Count Forty-Nine of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of Sergeant Joe Adams of the West Virginia State Police's Bureau of Criminal Investigations. Sergeant Adams testified that during the course of this investigation, officers received authority, pursuant to a District Court order, to intercept communications to a particular telephone number. On June 25, 2014, officers intercepted a communication between Defendant and co-defendant Qaaim Clark, one of the individuals using the target telephone. Defendant called the telephone from a number officers knew Defendant used. Clark answered and asked Defendant for his number. Defendant replied, "42," meaning 42 oxycodone pills. Clark advised Defendant that was "good" and told Defendant to go to a residence in Southpark where the "Philly boys" dealt from. The communication occurred in Morgantown, West Virginia, within the Northern District of West Virginia. Two days later, on June 26, 2014, officers intercepted a conversation between Defendant and an individual from Philadelphia in which they were "haggling" over the price of the pills. The individual from Philadelphia wanted $29.00 per pill; Defendant complained that he was not going to make any money at that price. Defendant hung up, and after a while, the individual from Philadelphia called Defendant back. They agreed that Defendant would purchase 40 pills at $27.00 per pill.

Defendant stated he heard, understood, and did not disagree with Sergeant Adams' testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Forty-Nine of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Sergeant Adams' testimony.

Thereupon, Defendant, Timothy Charles Burnette, with the consent of his counsel, Deanna Pennington, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Forty-Nine of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Forty-Nine of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Forty-Nine; Defendant made a knowing and voluntary plea of guilty to Count Forty-Nine of the Indictment; and Defendant's plea is independently supported by Sergeant Adams' testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Forty-Nine of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2nd day of March, 2015.


*/s John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE